UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CITA MORGAN, | ) | |
| | ) | |
| Plaintiff, | ) | 18 C 6151 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| BOSTON MARKET CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Cita Morgan brought this suit in the Circuit Court of Cook County, Illinois, against Boston Market Corporation, alleging that she contracted norovirus due to eating food from one of its restaurants. Doc. 1-1. Boston Market timely removed the suit under the diversity jurisdiction, Doc. 1, and now moves for summary judgment, Doc. 26. The motion is denied.

### Background

The court recites the facts as favorably to Morgan as the record and Local Rule 56.1 permit. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018). At this juncture, the court must assume the truth of those facts, but does not vouch for them. *See Gates v. Bd. of Educ. of Chi.*, 916 F.3d 631, 633 (7th Cir. 2019).

On December 25, 2016, at about 11:45 a.m., Morgan ate rotisserie chicken and other items from a Boston Market restaurant in Oak Lawn, Illinois. Doc. 30-1 at ¶ 6; Doc. 27-1 at 3 (p. 12:15-19). Later that day, Morgan "started getting really sick [and] feeling really dizzy and nauseous." Doc. 30-1 at ¶¶ 9-13. Morgan went home, immediately began vomiting and experiencing diarrhea, and proceeded to the emergency room still later that day, where she was admitted and spent four days. *Id.* at ¶¶ 15-17.

Morgan's treating physician, Dr. Audrey Lynn Tanksley, diagnosed her with norovirus. *Id*. at ¶ 21. Dr. Tanksley testified that norovirus "[u]sually" and "typically" elicits symptoms within 24-48 hours, but that those are "general time frames" and that symptoms can present within 24 hours of consuming contaminated food. *Id*. at ¶¶ 25-26; Doc. 27-2 at 12 (pp. 43:14-44:3). While unable to say with certainty that Morgan contracted norovirus from the Boston Market meal, Dr. Tanksley concluded that her symptoms and condition were consistent with that possibility. Doc. 30-1 at ¶ 23.

The summary judgment record includes no direct evidence that the Boston Market employees who prepared Morgan's food did so improperly. *Id*. at ¶ 27. The restaurant's general manager has never had to discipline an employee for improper food handling or storage, *id*. at ¶¶ 28, 30, and has no reason to believe that any employee violated any store policies on December 25, 2016, *id*. at ¶¶ 31-33. But the general manager conceded that he has no way of knowing whether the food Morgan ate was tainted. Doc. 32 at ¶ 45.

Morgan's only meal that day was the one from Boston Market. *Id*. at ¶ 38. Morgan's previous meal was packaged ramen noodles boiled with water and nothing else. *Id*. at ¶ 39. Morgan's co-worker, Selene Winford, ate chicken that day from the same Boston Market restaurant and also became ill. *Id*. at ¶ 37.

## Discussion

Illinois law provides: "By furnishing food to the general public, the … retailer … impliedly warrant[s] that the product is fit for human consumption at the time it leaves [its] respective control, and where the food proves to be deleterious, [it] may be required to respond in damages to the injured consumer." *Tiffin v. Great Atl. & Pac. Tea Co.*, 162 N.E.2d 406, 441 (Ill. 1959). Contrary to Boston Market's submission, Morgan has adduced evidence sufficient

for a reasonable jury to find that she contracted norovirus as a result of eating her Boston Market meal on December 25, 2016.

First, Dr. Tanksley testified that Morgan's symptoms were consistent with her having contracted norovirus from that meal. Although Dr. Tanksley observed that norovirus symptoms typically present between 24-48 hours of eating contaminated food, she explained that those are "general time frames" and that symptoms could present within 24 hours. Accordingly, that Morgan's symptoms presented twelve hours (at most) after she ate her meal does not defeat causation as a matter of law on summary judgment. Second, Morgan ate only the Boston Market meal that day, and her prior meal consisted of packaged ramen noodles boiled with nothing but water. A reasonable jury could find that the norovirus was food-borne and that, between the chicken and ramen noodles, the chicken was the culprit. Third, Morgan's co-worker, Selene Winford, also was sickened after eating chicken from the same Boston Market restaurant that day. Together, these facts allow for a reasonable verdict in Morgan's favor.

Boston Market cites three food poisoning cases disposed of on summary judgment, Doc. 26 at 4-7, but each is distinguishable. In *Vuletich v. Alivotvodic*, 392 N.E.2d 663 (Ill. App. 1979), the diner was not examined by his treating physician. *See id*. at 666 ("The [diner] … was never examined by a physician or other medical person either on the night of the accident, the next morning or at any time thereafter in order to determine what disorder, if any, he suffered from at the time of the accident."). In *Greene v. KFC National Management Co.*, 1985 WL 2110 (N.D. Ill. Aug. 1, 1985), the plaintiff was not hospitalized until a week after eating the allegedly contaminated food, and his treating physician testified that the illness "might have been caused by nerves, a dietary indiscretion, the flu or 'almost any disease a man is prone to get.'" *Id*. at *2. In *Warren v. Coca-Cola Bottling Co. of Chicago*, 519 N.E.2d 1197 (Ill. App. 1988), test results

indicated that the Coke bottle from which the plaintiff drank contained far fewer bacteria than what an expert opined is "necessary to cause food poisoning in humans." *Id*. at 570 (internal quotation marks omitted).  Here, by contrast, Dr. Tanksley examined Morgan within a day of her eating the Boston Market meal, diagnosed her with norovirus, and testified that the cause could have been the meal; a person who ate a meal that day from the same restaurant also was sickened; and there is no expert testimony essentially eliminating the possibility that Morgan contracted norovirus from the Boston Market meal.

**Conclusion**

Boston Market's summary judgment motion is denied.  This case will proceed to trial.

December 17, 2019

_____
United States District Judge